# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER DRENNING, 6020 Maxheimer Road, Saint Thomas, Pennsylvania 17252 | |
| | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| | CASE NO. |
| KEYSTONE HEALTH 830 5th Ave, Suite 201 Chambersburg, Pennsylvania 17201 | |
| Defendant. | |

## COMPLAINT

Plaintiff, Heather Drenning, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000(d), et. seq., ("Title VII"), and the Family Medical Leave Act, 29 U.S.C § 2601, et. seq., ("FMLA"), have been violated and avers as follows:

**I. PARTIES AND JURISDICTION**

1. Plaintiff, Heather Drenning (hereinafter ("Plaintiff"), is an adult individual residing in Saint Thomas, Pennsylvania with a mailing address of 6020 Maxheimer Road, Saint Thomas, Pennsylvania 17252.

1

2. Defendant, Keystone Health, (hereinafter ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 830 5th Avenue Suite 201, Chambersburg, Pennsylvania 17201.

3. At all times material hereto, Defendant employed Plaintiff at its 830 5th Ave, Suite 201, Chambersburg, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

4. At all times, Defendant met the definition of "employer" under Title VII and the FMLA.

5. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

6. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

7. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and applicable federal and state law.

8. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

9. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

10. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

11. On or about July 16, 2016, the Defendant hired Ms. Drenning as a Medical Assistant. Ms. Drenning performed all duties asked of her without any complaints or issues.

12. During her employment, Ms. Drenning was subjected to interference with her right to take leave under the FMLA and was also subject to sexual harassment and discrimination by Dr. Kyle Ducey. After Ms. Drenning reported the sexual harassment, she was then subject to retaliation by Defendant.

13. In or around the end of 2017, Mrs. Drenning had gallbladder surgery. She requested to exercise her right to take leave under FMLA and was told by Defendant that she didn't qualify.

14. In or around 2019, Mrs. Drenning was having a private conversation with her co-worker Diana Dupert about her husband's health. Dr. Kyle Ducey, who was not included in the conversation, made a comment that if Mrs. Drenning would have sex with her husband more often then he would not be grumpy.

15. Mrs. Drenning reported this incident and Dr. Ducey's comment to Defendant's Human Resources ("HR") personnel Linda Baer, her supervisor Emily Sharpe and Monica Heinbaugh. Ms. Drenning was advised that "what happens behind closed doors is none of your business." Ms. Drenning felt ignored and was upset.

16. Sometime after Ms. Drenning made this report to HR, Defendant hired a new HR manager Emily Earhart.

17. Ms. Drenning inquired of the Ms. Earhart about the status of her report against Dr. Ducey to see if Ms. Earhart would investigate her sexual harassment report.

18. During her talk with the Ms. Earhart, Ms. Drenning was told that the Ms. Baer didn't document anything about the incident.

19. After Ms. Drenning followed up with HR about her sexual harassment report against Dr. Ducey, she became the target of retaliation by Defendant.

20. Defendant's Office manager and her supervisor Emily Sharpe began to retaliate against Ms. Drenning. Ms. Sharpe treated Ms. Drenning in a disparate

manner and subjected her to disparate treatment as she would write Ms. Drenning up for issues and activities that her similarly situated co-workers would not be written up for and for activities that Ms. Sharpe herself would engage in.

21. On or around March 23, 2022, Mrs. Drenning was written up for her children calling her at work.

22. Ms. Sharpe would have her husband visit her in the office with no badge and not get written up for this.

23. Ms. Drenning's co-worker Monica would bring her son into the office to sit at her desk when he had doctor's appointments. Monica would walk her son around the office and talk to everyone. Monica did not get written up for this.

24. On or around April 21, 2022, Ms. Sharpe wrote Mrs. Drenning up for being absent for having COVID that she caught at work. Mrs. Drenning refused to sign the write-up sheet.

25. Ms. Drenning spoke to HR about this write-up and HR agreed that it was not to be held against her.

26. In or around May 1, 2022, Mrs. Drenning turned in her two weeks' notice because of the harassment and retaliation that she was experiencing.

27. As outlined above, during her employment with Defendant, Ms. Drenning was subjected to a hostile work environment.

28. Ms. Drenning was constructive discharged as a result of the Defendant's actions during her employment.

29. Defendant's treatment of Mrs. Drenning during her employment, including its interference in her right to take FMLA leave, its failure to remedy the situation with Dr. Kyle Ducey and its subsequent retaliation after Mrs. Drenning reported the sexual harassment, constitutes violation of the FMLA, discrimination based on sex, and retaliation in violation of the FMLA and Title VII of the Civil Rights Act of 1964.

30. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION
### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEX DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

31. Ms. Drenning incorporates the preceding paragraphs as if fully set forth at length herein.

32. The Defendant is responsible for the hostile work environment which allowed Plaintiff to be sexually harassed by Dr. Ducey.

33. Ms. Denning's status as a female place her in a protected class.

34. Ms. Denning's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Drenning and force her to terminate her employment.

35. As such, Defendant's decision to discriminate and to force Ms. Drenning to terminate her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

36. As a proximate result of Defendant's conduct, Ms. Drenning sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Drenning has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Ms. Drenning hereby demands punitive damages.

38. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Drenning demands attorneys' fees and court costs.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**DISPARATE TREATMENT**

39. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

40. Plaintiff was discriminated against and/or treated differently in her employment with Defendant because, as a female, she was subject to disparate treatment.

41. Plaintiff's sex was the motivation for discrimination and harassment by Defendant.

42. Plaintiff suffered adverse employment actions as a result of this discrimination, among other things, she was forced to terminate her employment, she was disciplined for being the victim of sexual harassment and she was subject to unwarranted scrutiny.

43. These adverse employment actions-imposed burdens upon Plaintiff that would not be imposed upon other male employees.

44. The cumulative effect of each of the instances of Defendant's discriminatory conduct, the series of separate acts, collectively constitute one unlawful employment practice in violation of Title VII and rise to the level of severe and pervasive conduct.

45. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, et seq. and require the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. At set forth above, Plaintiff made complaints about Dr. Ducey concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

48. Defendant took adverse action against Plaintiff by retaliating against her and forcing her to terminate her employment.

49. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

50. As such, Defendant's decision to force Plaintiff to terminate her employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

51. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss

of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

52. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

53. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT IV
## CONSTRUCTIVE DISCHARGE

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Defendant constructively discharged Plaintiff when it discriminated against her on the basis of her sex in violation of Title VII when, during her employment, Defendant failed to investigate Ms. Drenning's complaints of sexual harassment against Dr. Ducey, retaliated against her and forced her to resign.

56. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work

loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

57. Accordingly, Plaintiff demands attorney's fees and court costs.

## COUNT V
## VIOLATION OF FMLA—INTERFERENCE
## (29 U.S.C. §2601 et seq.)

58. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

59. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

60. As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

11

62. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

63. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorney's fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Heather Drenning, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

    A.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

    B.    Punitive damages;

    C.    Attorney's fees and costs of suit;

    D.    Reimbursement for medical bills;

    E.    Interest, delay damages; and,

    F.    Any other further relief this Court deems just proper and equitable.

Date: October 10, 2022        **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                                BY: */s/ Mary LeMieux-Fillery*

**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorneys for Plaintiff, Heather Drenning*

13

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

10/10/22
_____
(Date Signed)

Electronically Signed                                2022-10-10 17:01:08 UTC - 75.165.93.99
Nintex AssureSign®                                   45611ac4-1a3f-430d-a110-af2a010cb3da
_____
Heather Drenning

14